(No. 76-CC-1460

CONNIE ARMSTRONG, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Order filed January 31, 1978.*

HOLDERMAN, J.

Claimant filed suit against the state of Illinois seeking recovery of $1,062.49 for services rendered to the office of the governor of the state of Illinois.

In her complaint, Claimant alleges that payment was refused on the grounds that funds appropriated for the office for such payments had lapsed.

Respondent filed a motion to dismiss alleging that the Governor's Action Office was not funded by the legislature and this necessitated placing individuals on the payroll of the department that their services impacted. Claimant in this instance worked on Public Aid matters.

The motion to dismiss sets forth the following information from the Department of Public Aid:

"(a) Answer one of their report states that "IDPA has available no basis or method for determining the facts in support of this claim."

(b) Answer to question two relates that "IDPA has no record that Claimant was ever on its payroll. We thus have no information indicating that this department has a salary obligation to her, nor is there any record that Claimant has ever asserted such an obligation."

(c) In answer to question 11 the report states "Claimant reports (complaint Exhibit "A") being advised by the Director, Governor's Action Office, that funding was being sought for an $8,500.00 annual salary for her; we have no information which would support this expectation."

(d) In answer to question no. 12 the report states "Nothing presented in the complaint, referenced correspondence or IDPA records suggest that any laibility of this Department exists in Claimant's favor. Claimant does not even assert a claim against IDPA, but rather bases her alleged employment on expressions of hoped-for funding originating outside of IDPA."

4. Pursuant to Rule 14 of this Court the departmental reports are prima facie evidence of the facts set forth therein.

5. The departmental reports state facts, which until disputed, establish a prima facie case that the

Governor's Action Office was never funded and therefore any attempt to staff said office constituted ultra vires acts by those so attempting. The attempt to plant these "ghost employees" on the payrolls of other departments would violate the intent of the appropriations made to the various other departments and would also therefore constitute an ultra vires act by those persons so attempting.

6. The actions of the Claimant as portrayed by the facts set forth in the complaint clearly establish that the Claimant was acting with full knowledge of the fact that there were no funds available for the payment of her salary and therefore any time which she put in consitutes a gratuity.

7. There being no appropriation for the employment of staff personnel for said Governor's Action Office the attempted contracts of employment would be prohibited by law and where a contract is prohibited by law, there can be no recovery on a quantum meruit basis, *Schutte et al v. State, 22 Ill.Ct.Cl. 591.*"

It appears to the Court that the Governor's Action Office was never funded and therefore any attempt to staff said office constituted ultra vires acts by those so attempting and to place these employees in other departments would violate the intent of the appropriations made to the departments where the individuals were placed.

The case found in 22 Ill.Ct.Cl. 592, lays down the rule that whoever deals with municipalities does so with a limitation on itself or its agent's powers and when contracts or portions of a contract were let when appropriations were exhausted, claims based on these contracts would be denied. It further states that every claim or contract, if not within the amount of the

appropriation already made, is void.

It is abundantly clear in the present case that appropriations were never made for the Governor's Action Office; therefore, an attempt to hire individuals such as Claimant was illegal.

Motion to dismiss is heareby granted and said cause is dismissed.